IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TAMLA RENCHER, and TERRY VANCE, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN CHILDS and NW FREEDOM CORP., an Oregon corporation, <br><br> Defendants. | Civil No. 03-166-AA <br> ORDER |

AIKEN, Judge:

Defendants have filed a motion to reopen discovery. That motion is granted for the limited purpose as expressed in the motion.

The court notes that this straightforward breach of contract case, in this court due to diversity, was filed by plaintiffs on February 6, 2003. The parties proceeded to engage in heated and protracted discovery disputes, resulting in five motions to compel filed by the parties and a tremendous amount of time by this court attempting to sort out the parties' disputes.

On February 10, 2003, the parties were scheduled to appear before Judge Coffin for a settlement conference. On February 6, 2003, the parties contacted Judge Coffin and requested that the

1 - ORDER

settlement conference be stricken. After that date, the discovery disputes continued. Now, nearly, 1 ½ years later, the parties are still engaged in discovery battles, the most recent battle culminating after defendants filed a summary judgment motion. Defendants allege that plaintiffs filed "suspect evidence" to support its opposition to defendants' summary judgment motion and has requested that the court reopen discovery to allow investigation into this issue. Defendants allege that despite a request to the plaintiffs requesting a "synopsis" of this witnesses testimony, it was never forthcoming by the plaintiffs. Plaintiffs, of course, dispute this.

I will allow defendants' motion to reopen discovery for this limited purpose and will allow the defendants' to supplement their summary judgment motion; and similarly, allow the plaintiffs leave to supplement their opposition based on any new evidence uncovered via this discovery. Any supplemental filing by the defendants is due July 22, 2005. Further, any supplemental response by the plaintiffs is then due August 5, 2005.

However, the court strongly suggests that the parties consider contacting Judge Coffin and requesting that this case be scheduled for a settlement conference. The court respectfully suggests that the parties' efforts, time and money, in this now 2 ½ year old simple breach of contract case, will be best utilized with Judge Coffin.

## CONCLUSION

Defendants' motion to reopen discovery (doc. 121) is granted for the limited purpose as expressed in defendants' motion.

2 - ORDER

1  Moreover, defendants' summary judgment motion (doc. 95) is stayed
2  pending any supplemental briefing. Defendants' supplemental
3  memorandum is due July 22, 2005, any supplemental response by
4  plaintiffs is due August 5th, 2005. The court will then take the
5  matter under advisement and stand ready to rule.
6       The parties are asked to contact this court if a settlement
7  conference with Judge Coffin is scheduled and the court will hold
8  this briefing schedule in abeyance. Further, if the court does
9  not receive notice from the parties within ten days regarding
10 movement towards scheduling a settlement conference with Judge
11 Coffin, the court will contact the parties to schedule a
12 telephone status conference to set a trial date.
13 IT IS SO ORDERED.
14       Dated this __24__ day of June 2005.

                                    /s/ Ann Aiken
                                    Ann Aiken
                              United States District Judge

3 - ORDER